McFARLAN HOME v CITY OF FLINT

Docket No. 51812. Submitted March 10, 1981, at Lansing.—Decided
    April 22, 1981.

McFarlan Home, a Michigan nonprofit corporation, has as its
    corporate purpose the maintenance of an old ladies' home.
    Originally, the corporation owned two residence houses. One
    was razed and replaced by a new residence house, into which
    the residents of both of the original houses were moved. The
    second of the original houses was determined by the board of
    directors of the corporation to be a historical structure worthy
    of preservation. The board decided to maintain the building
    and use it as an occasional meeting place until a successor
    organization could be found. The building now functions as a
    public historical house museum, open to the public and avail-
    able for tours by historical societies and educational groups.
    The City of Flint assessed a real estate and personal property
    tax against McFarlan Home in 1978. The Michigan Tax Tribu-
    nal, in a split decision, denied McFarlan Home's claim of
    exemption on the ground that the home did not qualify as a
    charitable institution entitled to tax exempt status. Petitioner,
    McFarlan Home, appeals. *Held:*

    1. Although petitioner does qualify as a charitable institu-
    tion, it has not totally satisfied the four-part test necessary to
    qualify for tax exemption. The property in question is not
    occupied solely for the charitable purposes for which petitioner
    was incorporated, therefore, petitioner is not entitled to an
    exemption of the entire parcel. However, the Tax Tribunal
    erred in depriving petitioner of any exemption. Because prop-
    erty may be apportioned for purposes of granting exemptions
    for charitable uses, petitioner is entitled to an exemption for

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 71 Am Jur 2d, State and Local Taxation §§ 362, 382, 383.
    Exemption of property leased by and used for purposes of otherwise
        tax-exempt body. 55 ALR3d 430.

[2] 15 Am Jur 2d (Rev), Charities §§ 204.

[3] 71 Am Jur 2d, State and Local Taxation § 362.

that part of the property occupied solely for the purpose of maintenance of the McFarlan Home residence house.

2. The Tax Tribunal also erred in failing to separately consider petitioner's personal property. As a charitable institution, petitioner's personal property utilized for the maintenance of the home is exempt from taxation. Upon remand the value of the parcel upon which the historical house is located will be apportioned and petitioner shall be entitled to an exemption for its personal property.

Reversed and remanded.

1. Taxation — Charitable Institutions — Exemptions — Statutes.

Exemption claims made by a nonprofit corporation under the General Property Tax Law are evaluated under a four-part test: (1) the real estate must be owned and occupied by the exemption claimant; (2) the exemption claimant must be a library, benevolent, charitable, educational or scientific institution; (3) the claimant must have been incorporated under the laws of this state; and (4) the exemption exists only when the buildings and other property thereon are occupied by the claimant solely for the purposes for which it was incorporated (MCL 211.7[d]; MSA 7.7[d]).

2. Charities — Benevolent Institutions.

Basically, it may be said that charity or benevolence benefits the general public without restriction.

3. Taxation — Exemptions — Apportionment.

Property may be apportioned for purposes of granting exemptions for charitable uses.

4. Taxation — Charitable Institutions — Personal Property — Exemptions — Statutes.

The personal property of charitable, educational and scientific institutions incorporated under the laws of the State of Michigan is exempt from taxation (MCL 211.9[a]; MSA 7.9[a]).

*Brownell, Andrews, Philpott & Piper,* for petitioner.

*Richard J. Figura,* City Attorney, and *Judith A. Fullerton,* Chief Assistant City Attorney, for respondent.

Before: M. F. CAVANAGH, P.J., and ALLEN and J. H. GILLIS, JJ.

J. H. GILLIS, J. Petitioner, McFarlan Home, appeals as of right from the March 10, 1980, judgment of the Michigan Tax Tribunal denying tax exempt status for real and personal property which it owns within the City of Flint.

McFarlan Home is a nonprofit corporation, organized in Michigan in 1926. Its corporate purpose is stated in its articles of association:

"To receive from the Estate of Mary Whaley certain real estate and personal property to be used in the maintenance of an old ladies home."

The corporation is financed in part by a testamentary trust fund established by Mrs. Whaley and initially endowed with the subject property and approximately $200,000 in municipal bonds and mortgages. Originally, there were two residence buildings on the premises, the Whiting residence and the Whaley House, both of which were used to house elderly women. However, the Whiting residence was eventually condemned for an expressway right of way. The compensation paid for that right of way was utilized by the corporation to build a new facility on the subject property, known simply as the McFarlan Home. In 1973, the residents of both the Whiting residence and Whaley House were moved into the new McFarlan Home and the Whiting residence was razed.

The board of directors of the corporation elected to preserve the Whaley House. The building was erected in 1884 by one of Flint's pioneer families and the board considered it to be one of the few remaining historical structures within the city. Thus, the board determined that it would main-

tain the building and use it as an occasional meeting place until a successor organization could be found. The building now functions as a public historical house museum, open to the public and available for tours by historical societies and educational groups. The operation of the house is overseen by the Whaley Home Historical Association, although still under the auspices of the Mc-Farlan Home board.

In denying petitioner's claim for an exemption, all three members of the Tax Tribunal wrote opinions to express their diverging views. The writer of the lead opinion believed that petitioner utilized a restrictive admission policy and, therefore, he concluded that the home did not qualify as a charitable institution. *Michigan Baptist Homes & Development Co v Ann Arbor,* 396 Mich 660; 242 NW2d 749 (1976). He would also have denied the exemption because of petitioner's use of part of the property as a museum. A concurring opinion stated that while petitioner was a charitable institution an exemption was inappropriate because the property was not occupied solely for the charitable purposes set forth in the articles of association. The third member of the panel dissented. He would have held that because the parcel was occupied principally for a charitable purpose an examption was proper for that portion actually used as an old ladies' home.

Petitioner claims an exemption under § 7(d) of the General Property Tax Act, MCL 211.7(d); MSA 7.7(d).[1] Exemption claims under that subsection

---

[1] MCL 211.7(d); MSA 7.7(d) provides an exemption from taxation for:

"Real estate or personal property as shall be owned and occupied by nonprofit theater, library, benevolent, charitable, educational, or scientific institutions and memorial homes of world war veterans incorporated under the laws of this state with the buildings and other property thereon while occupied by them solely for the purposes for which the institutions were incorporated * * *."

are evaluated under a four-part test.

"(1) The real estate must be owned and occupied by the exemption claimant;

"(2) The exemption claimant must be a library, benevolent, charitable, educational or scientific institution;

"(3) The claimant must have been incorporated under the laws of this State;

"(4) The exemption exists only when the buildings and other property thereon are occupied by the claimant solely for the purposes for which it was incorporated." *Engineering Society of Detroit v Detroit*, 308 Mich 539, 550; 14 NW2d 79 (1944).

We agree with the concurring and dissenting opinions below that petitioner does qualify as a charitable institution. As stated in *Michigan Baptist Homes, supra:* "Basically, it may be said that charity or benevolence benefit the general public without restriction." 396 Mich 660, 671. In *Michigan Baptist Homes,* an exemption was denied the plaintiff's home for the aged where it was apparent that it did not cater to the elderly in general but to only those among the elderly who were healthy and of substantial means. Residents were charged an initial life-lease fee ranging from $8,000 to $20,000, as well as a monthly rental fee. The Court concluded that the residents were, in effect, providing for themselves, despite the home's nonprofit status.

The operation of petitioner's home is readily distinguishable. Although the residents now pay rental fees in the amount of $400,[2] none of them pay the actual cost of the care provided. The costs are paid primarily through the income and princi-

[2] The record reveals that the monthly fee was increased from $300 as a direct result of the property tax assessment in question.

pal of the trust fund established by Mary Whaley. While residents of the McFarlan Home must be ambulatory, that restriction exists only because the home is not licensed to provide more extensive care. Petitioner does not require applicants to make a financial disclosure and no resident has been removed for lack of funds. Applicants are admitted for the most part on a first-come, first-serve basis. The restrictions that characterized the establishment in the *Michigan Baptist Homes* case are not evident. 396 Mich 660, 671-674.

Nonetheless, we are of the opinion that petitioner has not satisfied the fourth part of the test, since the property in question is not occupied solely for the charitable purposes for which petitioner was incorporated. Petitioner's corporate purposes are limited to the maintenance of the McFarlan Home. The articles of association have not been amended to allow the operation of the historical house nor has a separate institution been founded to retain ownership of that portion of the premises. Therefore, petitioner is not entitled to an exemption of the entire parcel under MCL 211.7(d); MSA 7.7(d).

However, the Tax Tribunal erred in depriving petitioner of any exemption. This Court has previously held that property may be apportioned for purposes of granting exemptions for charitable uses. *Hospital Purchasing Service of Michigan v City of Hastings,* 11 Mich App 500; 161 NW2d 759 (1968). In *Hospital Service,* the plaintiff, a charitable organization, leased a portion of its premises to the Secretary of State. We reversed the decision of the circuit court affirming a tax assessment of the entire parcel.

"We interpret the italicized language, rather, to mean that the tax exemption granted by § 7 applies

only to that property or part of property the substantial use of which is related to the charitable object or other qualifying norms for exemption.

"Apportionment is employed in other jurisdictions. In *Cedars of Lebanon Hospital v Los Angeles County* (1950), 35 Cal 2d 729 (221 P2d 31), the California Supreme Court granted tax-exempt status to the hospital but not to the 'thrift shop' located within the hospital. See *American Sunday School Union' v Taylor* (1894), 161 Pa 307 (29 A 26).

"No contention or suggestion is made here that the property in question, except for that part of the building leased to the secretary of State, is used for any purpose other than for the hospital purposes for which the plaintiff was incorporated. Consistent with this opinion, therefore, the city of Hastings may assess and tax that part of plaintiff's building that is now or may in the future be leased to yield income to the plaintiff corporation." 11 Mich App 500, 509.

We believe that fairness requires such an approach. In a motion for rehearing, petitioner presented the Tax Tribunal with evidence that the Whaley House only comprised about 15 percent of the area of the parcel of land. While any apportionment will have to be based upon valuation of the distinct portions, it seems clear that the dominant use of the property is for the McFarlan Home itself. We, therefore, remand the matter to the Tax Tribunal for apportionment by value of the parcel. Petitioner is entitled to an exemption for that part of the property occupied solely for the purpose of maintenance of the McFarlan Home.

The Tax Tribunal also erred in failing to separately consider petitioner's personal property under MCL 211.9(a); MSA 7.9(a).[3] As a charitable

---

[3] MCL 211.9; MSA 7.9 provides in part:

"The following personal property shall be exempt from taxation:

"(a) The personal property of charitable, educational, and scientific institutions, incorporated under the laws of this state."

institution, petitioner's personal property utilized for the maintenance of the home is exempt from taxation. Upon remand, petitioner shall be entitled to an exemption for that property as well.

Reversed and remanded. No costs, a public question being involved.